# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JASON STANFORD,** § | |
| *Plaintiff* § | |
| § | |
| **v.** § | |
| § | **Case No. 1:24-CV-01132-DII-SH** |
| **STATE OF TEXAS, ET AL.,** § | |
| *Defendants* § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DISTRICT COURT**

Before the Court are Plaintiff Jason Stanford's Amended Complaint (Dkt. 7), filed October 15, 2024; Motion to Proceed *In Forma Pauperis* (Dkt. 2), filed September 24, 2024; Motion to Take Judicial Notice (Dkt. 5), filed October 8, 2024; Statement of Facts (Dkt. 8), filed October 22, 2024; and Statement of Facts Set #2 (Dkt. 9), filed October 23, 2024.[1]

### I.   Background

Plaintiff Jason Stanford is a resident of Irving, Texas who was declared a vexatious litigant by the United States District Court for the Northern District of Texas on August 7, 2024. *Stanford v. England Carrier Servs. LLC*, No. 4:24-CV-00241-O-BP, 2024 WL 3732487, at *1 (N.D. Tex. Aug. 7, 2024). Because of "the number of cases he has filed and due to his apparent attempt to deceive the Court," Stanford must seek leave before filing any new litigation in the Northern District. *Id.* The court also sanctioned Stanford under Rule 11 for knowingly filing false and misleading documents. *Stanford v. England Carrier Servs. LLC*, No. 4:24-CV-00241-O-BP, Dkt. 24 (N.D. Tex. July 23, 2024).

---

[1] The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for Cases Assigned to Austin Docket II. Dkt. 3.

1

Stanford filed this lawsuit six weeks after the Northern District imposed its filing bar, bringing duplicative claims against the same corporate defendants. He sues England Carrier Services, LLC, King of Freight, LLC, Global Tranz Enterprises, LLC ("Freight Brokers"), and NFusion Capital Finance, LLC for breach of contract and tortious interference with contract. Stanford also names as defendants all of the judges who heard his previous cases in state and federal court (U.S. District Judge Reed O'Connor, U.S. Magistrate Judge Hal R. Ray, U.S. Magistrate Judge Rebecca Rutherford, and Texas District Court Judges Ashley Wysocki, Monica McCoy Purdy, Staci Williams, and Amy Clark Meachum), as well as Dallas County District Clerk Felicia Pitre (collectively, "Judicial Defendants"); the United States; the State of Texas; Dallas and Travis counties; and attorneys Lauren Nelson, Christopher Snead, and Joseph Luce, who represented the corporate defendants in Stanford's previous lawsuits. Stanford seeks monetary damages from all Defendants and asks the Court to strike the order declaring him a vexatious litigant.

## II.  Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he is unable to pay such fees or security. Having reviewed his application, the Court finds that Stanford cannot pay the filing fee without experiencing undue financial hardship. The Court **GRANTS** Stanford *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious under 28 U.S.C. § 1915(e)(2). Stanford also is advised that although he has been granted leave to proceed *in forma pauperis*, the Court may in its discretion impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed the claims in the Amended Complaint under 28 U.S.C. § 1915(e)(2) and recommends that Stanford's lawsuit be dismissed. Service on Defendants should be withheld pending the District Court's review of this recommendation.

### III.   Frivolousness Review Under Section 1915(e)(2)

Because Stanford has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A court shall dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court liberally construes the pleadings of litigants who, like Stanford, proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

#### A.  Corporate Defendants

Stanford alleges that he is entitled to summary judgment against the corporate defendants on the breach of contract and tortious interference claims asserted in his previous lawsuits. Dkt. 7 at 5-6. An action may be dismissed as frivolous or malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989). This is because "pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata*." *Pittman*, 980 F.2d at 994. Courts "should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Id.* at 995.

The Court finds that Stanford's claims against the corporate defendants are duplicative of his previously filed suits against the same defendants. This Magistrate Judge recommends that the District Court dismiss these claims with prejudice as frivolous. *See id.*

### B. Judicial Defendants

Stanford alleges that the federal and state judges who adjudicated his federal and state lawsuits violated his First Amendment and due process rights by denying his motions for summary judgment and making other rulings against him. Dkt. 7 at 2-19. He sues the judges in their official capacity and seeks only monetary damages. *Id.* at 19.

Stanford's claims against the judges are barred by the Eleventh Amendment and the doctrine of absolute judicial immunity. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) ("A judge generally has absolute immunity from suits for damages."); *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity."). Judicial immunity is "an immunity from suit," not just from damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is "not overcome by allegations of bad faith or malice," but only by a showing that the alleged actions were nonjudicial, that is, acts not normally performed by a judge. *Id.* at 11-12.

Because Stanford alleges no facts suggesting that he is suing any of the judges for nonjudicial acts, they are entitled to absolute judicial immunity. The Court recommends that Stanford's claims against the Judicial Defendants be dismissed with prejudice as frivolous. *Boyd*, 31 F.3d at 285.

Dallas County District Clerk Felicia Pitre also is entitled to sovereign immunity and absolute quasi-judicial immunity. *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001).

### C. United States, State of Texas, and Counties

Stanford names as defendants the United States, the State of Texas, and Dallas County and Travis County, Texas, but he alleges no claims against them and so does not state a claim on which relief may be granted. In addition, the United States enjoys sovereign immunity, and the Eleventh Amendment bars § 1983 claims against the State of Texas. *Freeman v. United States*, 556 F.3d 326, 334-35 (5th Cir. 2009); *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002).

### D. State Law Claims

Stanford also brings defamation and libel claims under Texas state law against Lauren Nelson, attorney for NFusion Capital Finance; Joseph Luce, attorney for King of Freight; and Christopher Snead, attorney for GlobalTranz Enterprises. Dkt. 7 ¶¶ 16-18, 131-33.

A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). The court has wide discretion to dismiss state law claims when the federal claims to which they are pendent are dismissed. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998); *Parker & Parsley Petrol. Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed."). This Magistrate Judge recommends that the District Court decline to exercise pendent jurisdiction over Stanford's state law claims and dismiss them without prejudice.

## IV.  Order

The Court **GRANTS** Plaintiff Jason Stanford's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and **ORDERS** his Amended Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

Because the Court recommends that Stanford's claims be dismissed, his Motion to Take Judicial Notice (Dkt. 5) of facts related to his claims for breach of contract and tortious interference is **DISMISSED** as moot.

## V. Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Stanford's claims against Lauren Nelson, Christopher Snead, and Joseph Luce **without prejudice** and **DISMISS** all other claims **with prejudice**.

The Court **FURTHER ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable District Court.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 28, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE